JAMES E. JOHNSON

*v.*

STATE OF ILLINOIS.

*Opinion filed January 19, 1921.*

RESPONDEAT SUPERIOR—*doctrine not applicable to the State.* The State is not liable for injuries sustained by its employees while in the performance of their duty.

EQUITY AND GOOD CONSCIENCE—*when award may be made.* Where claimant is injured while in the discharge of his duty, although no legal liability exist against the State, the Court in equity and good conscience, may recommend an allowance.

Edward J. Brundage, Attorney General, for State.

James E. Johnson, claimant, brings this suit against the State of Illinois, asking for compensation, as provided by the Workmen's Compensation Laws, and the provisions of the laws of Illinois of 1917, creating the Court of Claims, and providing for the payment of certain characters of claims, therein mentioned.

The evidence offered by the claimant is not denied and supports generally the facts, which are as follows:

Claimant was on or about the 28th day of December, 1917, in the employ of the State of Illinois, as watchman at the State House at Springfield, Illinois, that a part, at least, of his duties as such watchman consisted in receiving and discharging of goods, wares, material and property of the State, and that under orders and directions of his superiors, he was required to be during business hours, on the first or basement floor of the State House, and that while there, so located, and while in the performance of his duties, as such watchman, a large box filled with heavy material, belonging to the State, was brought into the basement, and being inspected and looked over by him, the box was accidentally turned or rolled over by another employee on the right foot of claimant, thereby from its great weight and force, badly crushing and greatly injuring his foot, and that by reason thereof, he has been disabled from pursuing his usual vocation in life. Such injuries necessitated the use of crutches for a period of about nine months, since which time, he has walked with a cane. He says that this will incapacitate him from the performance of manual labor for the remainder of his life. He was, at the time of receiving the injury, receiving $75.00 per month. After the incurrence of the injury, he was forced, by circumstances, to surrender his position with the State, and "since then has not been able to do any manual labor of any consequence."

Dr. Fletcher was called to treat claimant, and attended him about a month, then he went to the army, and soon after died. An affidavit, which he made with a view of aiding the claimant to collect an insurance policy, was by consent of Attorney General admitted in evidence. While the claimant has continuously used a cane since discarding his crutches, we do not think the evidence is sufficiently strong or certain to bear out the fact that there is a total disability of the foot or ankle, so that he is totally incapacitated to perform manual labor; or that he is totally and permanently reprived of the use of the foot. There is proof however, that he is permanently disabled in the foot and ankle, as a result of the accident. Claimant's statement of facts are borne out by other witnesses. The claimant is a pensioner of the United States, and draws a pension from U. S. Government of $50.00 per month.

This Court, has so recently, in so many cases, similar to this discussed the liability of the State, we do not deem it important here to discuss the law in the law in this case. We are of the opinion that the injury received by the claimant, was without fault on his part, and received while in line of duty, and is one in which the Court in equity and good conscience, should adjust.

We accordingly therefore recommend an allowance to claimant in the sum of $2,000.00.